Edward T. **MOLINARO** and Anthony P. **Catanzaro**

v.

**WATKINS–JOHNSON CEI DIVISION.**

Civ. A. No. 72–589.

United States District Court,
D. Maryland.

April 9, 1973.

 

## MEMORANDUM AND ORDER

NORTHROP, Chief Judge.

Plaintiffs have submitted a motion to disqualify this Judge for "bias or prejudice" pursuant to 28 U.S.C. § 144 (1970). The brief affidavit in support of this motion lists two grounds upon which plaintiffs' allegations of bias are based:

(1) "being extremely hostile in his several remarks to Plaintiffs concerning the fact that Plaintiffs were appearing without counsel;" and

(2) deciding a motion for summary judgment on the basis of affidavits rather than on testimony.

A court faced with a motion to recuse on the basis of bias and prejudice must take the facts alleged as true and then determine the legal sufficiency and the timeliness of the affidavit and the certificate of counsel. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L. Ed. 481 (1921); Pfizer, Inc. v. Lord, 456 F.2d 532, 537 (8th Cir. 1972); Wolfson v. Palmieri, 396 F.2d 121 (2d Cir. 1968); United States v. Garrison, 340 F.Supp. 952 (E.D.La.1972). Although this Court sees problems with the timeliness requirement (the affidavit comes after an adverse ruling on a motion for summary judgment) and has some doubt about the adequacy of the certification of good faith [See Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970); In re Union Leader Corp., 292 F.2d 381, 384–385 (1st Cir. 1961); Mitchell v. United States, 126 F.2d 550, 552 (10th Cir. 1942); United States v. Hanrahan, 248 F.Supp. 471, 481 (D.D.C.1965)], there is no need to address these issues since the affidavit is legally insufficient.

Plaintiffs allege that this Court made hostile remarks during the proceedings in this case. The only two statements in the affidavit that resemble specific allegations are the charges that (1) the Court made a comment about the fact that plaintiffs were appearing without counsel, and (2) that it made a statement to the effect that if jurisdiction

were lacking, the case would be transferred to the Court of Claims. Plaintiffs indicate that several remarks were made, but fail to list the remarks and the context in which made. It is, however, clear that the remarks at issue were made during the course of the proceedings in this case.

Although the contents of the affidavit are to be taken as true, the affidavit is strictly construed against the affiant, for a judge is presumed to be impartial. Beland v. United States, 117 F.2d 958, 960 (5th Cir.), cert. denied, 313 U.S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541 (1941). There is, therefore, a substantial burden upon the moving party to sufficiently demonstrate that the judge is not impartial. United States v. Thomas, 299 F.Supp. 494, 498 (E.D.Mo. 1968), citing In re Union Leader Corp., 292 F.2d 381, 389 (1st Cir. 1961). The affidavit, "to be sufficient, must identify and carefully delineate time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice." United States v. Partin, 312 F. Supp. 1355, 1359 (E.D.La.1970); United States v. Hanrahan, *supra*. If the affidavit and certificate of counsel comply with the statutory standards, the judge must recuse himself [Morse v. Lewis, 54 F.2d 1027, 1031 (4th Cir.), cert. denied, 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932); United States v. Garrison, *supra*, 340 F.Supp., at 956]; but if the statutory requirements are not met, it is the duty of the judge to refuse to disqualify himself. Rosen v. Sugarman, 357 F.2d 794, 797 (2d Cir. 1966); United States v. Hanrahan, *supra*, 248 F. Supp., at 475. Thus, the mere filing of the affidavit does not automatically disqualify the judge. United States v. Hanrahan, *supra*, at 475.

Further, the affidavit must sufficiently show a *personal* bias or prejudice which is defined as an attitude of extrajudicial origin which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), citing Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921). Thus, where the adverse attitude is created by what is presented during the course of the trial, section 144 disqualification is not appropriate, for this could lead to a crippling of our courts. See Wolfson v. Palmieri, *supra*; United States v. Thomas, *supra*, 299 F. Supp., at 498.

In order to satisfy the burden required to establish bias, plaintiffs must meet a threefold test.

First, the affidavit must state *facts* with sufficient particularity. Only the facts contained therein are relevant, not conclusions. . . .

Second, the facts must be such as to convince a reasonable man that a bias or prejudice exists. . . .

Third, "[I]n addition to establishing that a prejudice or bias harbored by a judge is of such a nature that it has, or may have, closed his mind to justice, the factual allegations must also show that this bias is *personal*, as opposed to *judicial* in nature."

[United States v. Thomas, *supra*, at 499].

Applying this standard to the affidavit presented, it is clear that personal bias has not been sufficiently made out. With regard to the challenged remarks of the Court, any bias that might be found can only be called *judicial* in nature rather than *personal;* for any bias against these plaintiffs arising from their appearance without counsel can only stem from these proceedings rather than from an extrajudicial source. In fact, the affidavit does not recite any facts showing an extrajudicial basis for the bias charged, nor can one even be inferred from the facts that are alleged. Further, the allegation, especially considering its total lack of particularity, is not one that could convince a reasonable man that such bias exists or that it is of such a degree as to close the Court's mind to justice. This analy-

sis is equally applicable to the desire attributed to the Court of transferring the case to the Court of Claims if jurisdiction were lacking. Lastly, the allegation concerning the Court's deciding a motion for summary judgment on affidavits rather than testimony cannot establish bias, for, even assuming that such a course of action was incorrect [*But see* Fed.R.Civ.P. 56], the fact that a ruling of the court may constitute legal error does not provide a basis for disqualification. United States v. Anderson, 433 F. 2d 856 (8th Cir. 1970).

For the reasons stated above, it is this 17th day of April, 1973, ordered that plaintiffs' motion for disqualification be, and the same hereby is, denied.