**UNITED STATES of America**

v.

**Shelby Ann BAKER and Wayne Edward Garrity.**

**No. 77–30295–NA–CR.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Oct. 28, 1977.

Hal D. Hardin, U. S. Atty., William H. Farmer, Asst. U. S. Atty., Nashville, Tenn., for plaintiff.

John E. Rodgers, Nashville, Tenn., for Baker.

Alfred H. Knight, III, Nashville, Tenn., for Garrity.

## MEMORANDUM

MORTON, Chief Judge.

On September 11, 1977, defendants were arrested for allegedly kidnapping Annette Adams. Bond was initially set for both defendants at $250,000 by Magistrate Barbara H. Delaney of the United States District Court for the Western District of North Carolina. Both defendants were indicted for the alleged kidnapping on September 13, 1977 by the federal grand jury for the Middle District of Tennessee. Each defendant was thereafter removed to the Middle District of Tennessee to stand trial on the indictment.

On September 26, 1977, defendant Baker filed a Motion for Reduction of Bail. A hearing on her motion was held on September 28, 1977. Following argument by both the Government and counsel for defendant Baker, the court made the following statements in denying the motion:

> BY THE COURT: All right, it is the judgment of this Court that the bail will not be reduced. I am not going to turn any kidnappers out here on the street and let them take another shot at somebody. So on that basis I will overrule it.

> Mr. Rodgers, the Sixth Circuit has a chief judge right downstairs and they have an administrative man up in the Sixth Circuit, and if they think I am wrong, you can put her on the street.

> BY MR. RODGERS: Thank you, Your Honor.

> BY THE COURT: Draw an order, Mr. — I just believe she's a threat to the community. Anybody that will go out here and allegedly—I don't know whether she's guilty or not, but she's alleged to have gone out and kidnapped somebody off the campus and kept them for fifty-five hours. How do I know they wouldn't start it again tomorrow. I

think she's a threat to the community. On that basis I refuse to do it.

All right, anything further?

BY MR. RODGERS: That's all.

BY THE COURT: All right.

(Tr. 19)

Each defendant thereafter filed a motion for this court to recuse itself in this case. Defendant Baker's motion was filed on October 5, 1977, while defendant Garrity's motion was filed on October 6. Each motion was accompanied by an affidavit signed by the defendant and a certificate of good faith signed by each defendant's counsel. Defendant Baker's affidavit states as follows:

Shelby Ann Baker, being duly sworn, says:

1. I am the Defendant in the above numbered and entitled cause.

2. On September 28, 1977, in a hearing relating to bail in the United States District Court, Honorable L. Clure Morton presiding, I heard the Judge refer to me as a kidnapper and as a result felt he was biased and prejudiced and had formed an opinion as to my guilt or innocence. As a result, I requested my attorney to obtain a transcript and look into the matter of getting the Judge to withdraw from the case.

3. On October 3, 1977 I conferred with my attorney and was presented with a transcript of the Judge's remarks in the proceeding which are attached hereto and made a part of this document as if set out in full.

4. Honorable L. Clure Morton, District Judge, Middle District of Tennessee, Nashville Division is therefore disqualified to act in the above numbered and entitled cause under the provisions of Title 28, U.S. Code, Section 455, and 144 respectively.

Defendant Garrity's affidavit states as follows:.

Wayne Edward Garrity deposes and says:

I am one of the defendants in the above-captioned case. After her hearing for reduction of bond, my co-defendant Shelby Baker wrote me a letter indicating that the Honorable L. Clure Morton had made a statement during the hearing, indicating bias or prejudice on his part. On October 4, 1977, I asked my lawyer, Alfred H. Knight, about Judge Morton's statements, and he has provided me with a transcript of them. A copy of the transcript is attached to this motion. The Court's statement in the transcript referring to me as a "kidnapper" indicates that Judge Morton is personally biased and prejudiced against me and I respectfully request that he recuse himself and proceed no further in this case.

Each defendant also claims that the court has extrajudicial knowledge of the facts underlying this case. Both defendants rely on the provisions of 28 U.S.C. §§ 144 and 455 as grounds for their motions. Having carefully considered the respective motions and affidavits, the court finds that they must be denied.

A defendant in a criminal case "is entitled to the cold neutrality of an impartial judge." *United States v. Orbiz*, 366 F.Supp. 628, 629 (D.P.R.1973). "[D]ue process demands a fair hearing before an impartial tribunal." *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512, 517 (4th Cir. 1974); *Knapp v. Kinsey*, 232 F.2d 458, 465 (6th Cir.), *cert. denied*, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956); *United States v. Thomas*, 299 F.Supp. 494, 497 (E.D.Mo.1968). This is particularly important at the time of sentencing. *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973). However, neither the government nor a defendant has a right or interest in having a particular judge try a particular case. *United States v. Devlin*, 284 F.Supp. 477, 482 (D.Conn.1968). A motion to recuse may not be used for the purpose of judge or forum shopping. *Mavis v. Commercial Carriers, Inc.*, 408 F.Supp. 55, 61 (C.D.Cal.1975); *United States v. Devlin, supra* at 482.

28 U.S.C. § 144 provides as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Under section 144, a motion to recuse must be filed. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). The motion must be promptly filed after the facts forming the basis for disqualification become known. *Davis v. Cities Service Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970); *United States v. Hoffa*, 382 F.2d 856, 859 (6th Cir. 1967), *cert. denied*, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed.2d 984 (1968); *Pennsylvania v. Local 542, International Union of Operating Engineers*, 388 F.Supp. 155, 158 (E.D.Pa.1974); *Molinaro v. Watkins-Johnson CEI Division*, 359 F.Supp. 474, 475 (D.Md.1973). An affidavit stating the facts and reasons for the belief that bias or prejudice exists and a certificate signed by counsel of record that the motion to recuse is made in good faith must be filed together with the motion to recuse. *United States v. Hoffa, supra* at 860; *Pennsylvania v. Local 542, International Union of Operating Engineers, supra* at 158; *Molinaro v. Watkins-Johnson CEI Division, supra* at 475.

The standard under section 144 is whether assuming the truth of the facts alleged, a reasonable person would conclude that a particular judge is biased or prejudiced against a particular defendant. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976);

*Parrish v. Board of Commissioners*, 524 F.2d 98, 100 (5th Cir. 1975), *cert. denied, Davis v. Board of School Commissioners of Mobile County*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *United States v. Thompson*, 483 F.2d at 528; *United States v. Devlin*, 284 F.Supp. at 481. There is a substantial burden on a defendant to prove that a judge is not qualified or impartial. *Molinaro v. Watkins-Johnson CEI Division*, 359 F.Supp. at 476; *United States v. Thomas*, 299 F.Supp. at 498. Moreover, the defendant must establish that the alleged bias and prejudice is personal, stemming from an extrajudicial source and resulting in an opinion on the merits other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir.), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976); *Davis v. Board of School Commissioners*, 517 F.2d at 1051; *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d at 517; *United States v. English*, 501 F.2d 1254, 1263 (7th Cir.), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 811 (1975); *United States v. Beneke*, 449 F.2d 1259, 1260 (8th Cir. 1971); *Davis v. Cities Service Oil Co.*, 420 F.2d at 1282; *Knapp v. Kinsey*, 232 F.2d at 466. Personal bias involves antagonism or animosity towards the affiant. *United States v. Nehas*, 368 F.Supp. 435, 437 (W.D.Pa.1973). The mere fact that a judge has made an adverse ruling to a particular defendant during the course of the present judicial proceedings, has accepted the guilty plea of a codefendant or co-conspirator, or has had prior judicial exposure to a defendant does not establish bias or prejudice on the part of a judge. *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Bernstein, supra* at 785; *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975); *United States v. English, supra* at 1263; *United States v. Beneke, supra* at 1260; *Knapp v. Kinsey, supra* at 466. "Displeasure on the

part of a defendant in a criminal case with the ruling of a judge fixing bail or on a motion to reduce bail is insufficient as a matter of law to establish personal bias or prejudice required for disqualification." *United States v. Devlin, supra* at 481; *United States v. Tropiano,* 418 F.2d 1069, 1077 (2d Cir. 1969), *cert. denied,* 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530 (1970). However, where such pervasive bias or prejudice is shown by otherwise judicial conduct as would constitute bias against a party, the bias or prejudice need not be extrajudicial in nature. *Davis v. Board of School Commissioners, supra* at 1051.

In ruling on a motion to recuse under section 144, the court must accept all of the facts stated in the affidavit as being true. *United States v. Thompson,* 483 F.2d at 528. The court may not inquire into the truth of the facts alleged in the affidavit. *Berger v. United States,* 255 U.S. at 31, 41 S.Ct. 230; *United States v. Ritter,* 540 F.2d 459, 462 (10th Cir.), *cert. denied,* 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *Davis v. Board of School Commissioners,* 517 F.2d at 1051; *Oliver v. Michigan State Board of Education,* 508 F.2d at 180; *United States v. Hoffa,* 382 F.2d at 859. However, the court must inquire into the legal sufficiency of the affidavit. *Berger v. United States, supra,* 255 U.S. at 31, 41 S.Ct. 230; *United States v. Ritter, supra,* 540 F.2d at 462; *Davis v. Board of School Commissioners, supra* at 1051; *Oliver v. Michigan State Board of Education, supra* at 180; *United States v. Hoffa, supra* at 859. If the statutory standards are met, and if the affidavit is legally sufficient, the court must recuse itself. *See Molinaro v. Watkins-Johnson CEI Division,* 359 F.Supp. at 476.

28 U.S.C. § 455 provides in pertinent part as follows:

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Section 455 is the statutory standard for disqualification of a judge. It is self-enforcing on the part of the judge. It may also be asserted by a party by filing a motion to recuse in the trial court. *Parrish v. Board of Commissioners,* 524 F.2d at 102 n. 8; *Davis v. Board of School Commissioners,* 517 F.2d at 1051.

Section 455(a) is general in nature and does not rest on the personal bias and prejudice structure of either 28 U.S.C. § 144 or 28 U.S.C. § 455(b)(1). *Parrish v. Board of Commissioners, supra* at 103. It is broader than section 144, disqualification being warranted not only where there is actual bias or prejudice, but where the impartiality of a judge might reasonably be questioned. *United States v. Ritter,* 540 F.2d at 462. The standard under section 455(a) is whether a reasonable person would infer that a trial judge's impartiality might reasonably be questioned. *Parrish v. Board of Commissioners, supra* at 103; *Davis v. Board of School Commissioners, supra* at 1052; *Mavis v. Commercial Carriers, Inc.,* 408 F.Supp. at 61; *Samuel v. University of Pittsburgh,* 395 F.Supp. 1275, 1277 (W.D.Pa. 1975), *vacated on other grounds,* 538 F.2d 991 (3d Cir. 1976). Among the determinations that must be made is whether there exists "a reasonable likelihood that the cause will be tried with the impartiality that litigants have a right to expect in a United States district court." *United States v. Ritter, supra* at 464. However, the mere fact that a judge has ruled adversely to a party does not mandate a finding that he is not impartial.

If the words "impartiality might reasonably be questioned" and "avoid impropriety and the appearance of impropriety" were to be interpreted to encompass judicial rulings in the course of a trial or other proceedings . . . then there would be almost no limit to disqualification motions and the way would be opened to a return to "judge shopping", a

**618**

practice which has been for the most part universally condemned. *Lazofsky v. Sommerset Bus Co.,* 389 F.Supp. 1041, 1044 (E.D.N.Y.1975)

Section 455(a) does not "amount to a grant of automatic veto power in order that counsel might choose a judge who meets with their approval." *Samuel v. University of Pittsburgh, supra* at 1277.

 Section 455(b)(1) is substantially similar to 28 U.S.C. § 144. The standard under section 455(b)(1) is similar to the standard under section 144: whether a reasonable person would conclude that a judge is biased or prejudiced against a particular defendant. *Davis v. Board of School Commissioners,* 517 F.2d at 1052. The mere fact that a judge has prior knowledge of facts concerning a party is not in and of itself sufficient to require the judge to disqualify himself. *United States v. Patrick,* 542 F.2d 381, 390 (7th Cir. 1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). Moreover, facts learned by a judge while acting in his judicial capacity cannot be the basis for disqualification under this section. *United States v. Patrick, supra* at 390.

 In the case sub judice, each defendant has satisfied the statutory standards of section 144 by timely filing motions to recuse, affidavits and certificates of counsel. However, it is the opinion of the court that the affidavits filed by each defendant are not legally sufficient to sustain the motion to recuse and that the court need not recuse itself under section 455. Contrary to the contentions of defendants, this court has had no substantive extrajudicial exposure to the facts surrounding this case. At the very outset of the September 28 bond hearing, this court informed counsel for defendant Baker of this fact. The court specifically stated as follows:

BY THE COURT: Mr. Rodgers, let me disabuse your mind. The only thing I know about this case is what the headlines said. I figured I would have to try this lawsuit, so I did not read in detail the articles, so I have no basic knowledge about this matter. I have—before I could turn off the TV set, I have heard certain statements made by newspaper reporters, but that's hearsay, and I have no—I have not been persuaded one way or another by the hearsay statements that I have heard, the few I have heard.

BY MR. RODGERS: I am sure of that, Your Honor, and I am sure that regardless of what may have been seen, written or heard, that your decision would be on the merits.

(Tr. 7)

Defendant Baker contends that the fact that during the course of the bond hearing the court made reference to the fact that defendant Baker had allegedly kidnapped Annette Adams from the campus of Vanderbilt University and kept her in custody for some fifty-five hours is "proof" that the court has extrajudicial knowledge of the facts of this case. However, a review of the record reveals that both of these facts, that someone was taken "off the campus" and kept "for fifty-five hours," were made known to the court during the course of regular judicial proceedings. During the course of the bond hearing, counsel for the government stated, "The victim was held for fifty-five hours." (Tr. 17). And in an affidavit in support of a request for an arrest warrant filed with the court on September 11, 1977, Special Agent Richard G. Knudsen of the Federal Bureau of Investigation stated as follows: "On Thursday, September 8, 1977, Annette Adams was forcibly kidnapped from Vanderbilt University campus in Nashville, Tennessee by a white male and white female." Thus, it is clearly evident that the court did not learn of these facts from extrajudicial sources but during the course of judicial proceedings. Therefore, the court need not recuse itself on these grounds.

Defendants also claim that the court showed a bias and prejudice towards them and a partiality against them by calling them kidnappers and by stating "I am not going to turn any kidnappers out here on the street and let them take another shot at somebody," and "How do I know they won't start it again tomorrow." (Tr. 19). How-

 

ever, the court is of the opinion that these statements do not establish bias, prejudice, or lack of impartiality on its part. At the time the bond hearing was held, each defendant had been indicted for kidnapping. Although the court referred to the defendants as kidnappers, it very carefully stated that the defendant Baker was alleged to have kidnapped someone and that the court had no knowledge of whether she was guilty or not. (Tr. 19). Moreover, the court was required to make the determinations it made by the Sixth Circuit's recent decisions regarding release under 18 U.S.C. § 3146. In *United States v. Wind*, 527 F.2d 672 (6th Cir. 1975), the court held:

> We hold that in a pretrial bail hearing on a non-capital offense, a judicial officer may consider evidence that the defendant has threatened witnesses and is a danger to the community in determining whether the defendants should be released pursuant to 18 U.S.C. § 3146.

527 F.2d at 675.

*See also United States v. Bigelow*, 544 F.2d 904 (6th Cir. 1976). Thus, the court was required to determine whether defendant Baker was a danger to the community in deciding whether she should be released under the provisions of section 3146. The court found that she was a threat to the community, that she potentially posed a danger to innocent individuals on the street. Defendants cannot complain when the court makes adverse findings to them in response to a motion one of them has filed. Moreover, the court finds that the statements in question do not show any antagonism or animosity toward either defendant, that the statements are not so pervasive in nature as to constitute bias or prejudice, and that the statements are not of such a nature as to cause a reasonable man to question the court's impartiality. Defendants may obtain a fair trial in this court. Therefore,

for these reasons also, the court finds that the motions to recuse must be denied, the affidavits being legally insufficient to require recusal under 28 U.S.C. § 144 and there existing no reason for the court to recuse itself under either 28 U.S.C. § 455(a) or (b)(1).[1]

An appropriate order will be entered.

---

1. Defendant Baker also relied on the provisions of 28 U.S.C. § 455(b)(3) as support for her motion. Section 455(b)(3) provides that a judge shall recuse himself:

> Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opin-

ion concerning the merits of the particular case in controversy.

Since the court has had no exposure to this case other than in its present judicial capacity, the court finds the provisions of section 455(b)(3) to be inapplicable to this case, and defendant Baker's reliance on them to be misplaced.