J. Waymon **ELLISON**, Plaintiff–Appellee,

v.

David L. **ALLEY**, Sr., and David L. Alley, Jr., Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section.

April 19, 1995.

Application for Permission to Appeal Denied by Supreme Court July 3, 1995.

. D. Scott Hurley of Claiborne, Davis, Buuck & Hurley, Knoxville, for appellants.

John W. Cleveland of Cleveland & Cleveland, Sweetwater, for appellee.

## OPINION

SUSANO, Judge.

The latest "chapter" in this litigation started on November 2, 1993, when David L. Alley, Sr., and David L. Alley, Jr. ("the Alleys"), filed a motion in the trial court pursuant to Tenn.R.Civ.P. 60.02 seeking to set aside an adverse judgment ("the earlier judgment") entered below on June 11, 1990. This is the second time this litigation has found its way to the appellate courts of this state. The earlier appeal reached all the way to the Supreme Court. It was concluded there

1. *Ellison v. Alley*, 842 S.W.2d 605 (Tenn.1992).

when our highest court filed its opinion[1] on November 16, 1992, affirming in part and reversing in part the decision of the Court of Appeals which had modified the earlier judgment of the trial court. This matter was "at rest" until the judicial process was again called into action by the Alleys' Rule 60.02 assault on the earlier judgment.

In the instant proceeding, the trial court denied the Alleys' motion, finding that it was not timely filed and further finding that the affidavits supporting the motion "are conclusory and aver insufficient facts to set aside" the earlier judgment. The Alleys appeal, arguing that the affidavits filed in support of their motion demonstrate that the original plaintiff, J. Waymon Ellison ("Ellison"), was guilty of fraud in securing the earlier judgment. The Alleys also argue that the Chancellor should have stepped aside in response to their motion to recuse. Finding no error in the judgment appealed from, we affirm.

The facts which led to the earlier judgment are set forth in the Supreme Court's reported opinion. 842 S.W.2d at 606–607. There is no need to repeat them here. Suffice it to say that the trial court and the Court of Appeals made concurrent findings of fact which the Supreme Court found were supported by material evidence. All three courts found that the Alleys breached their fiduciary duty to Ellison in connection with their handling of the sale of his 241 acre farm to Cora Myers and her children. The crux of the Supreme Court's holding is found at page 608 of the court's opinion:

> It is apparent that the defendants [the Alleys] manipulated both the Myers and Ellison transactions in such a manner as to willfully, and wrongfully, conceal their true role and their intention to reap a $180,000 ill-gained profit from the sale of the property.

The Alleys contend in their motion that Ellison and witnesses who testified for him committed perjury at the original hearing.

They argue that the affidavit of Sytha Porterfield, Ellison's former [2] wife, and the affidavit of a certified public accountant who counseled with the Myers' family regarding the transaction support their allegation of fraud. They conclude by stating that the

> Defendants would assert that the affidavits attached hereto clearly demonstrate that the Plaintiff and members of the Myers family engaged in a scheme to perpetrate a fraud on the Court and to induce the Court to find liability against the Defendants in this cause. Pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, the Court should set aside the judgment, conduct such other hearings as it deems necessary in order to properly resolve this dispute, and dismiss the Complaint as was filed against the Defendants in this cause.

The Alleys' motion comes too late. All Rule 60.02 motions must "be made within a reasonable time." Tenn.R.Civ.P. 60.02; however, if the motion seeks relief from a judgment based on fraud, there is an outer limit on the time allowed for filing the motion. If fraud is the basis of the motion, it must be filed "not more than one year after the judgment, order or proceeding was entered or taken." Tenn.R.Civ.P. 60.02. The earlier judgment, from which the Alleys seek relief, was entered June 11, 1990. Their motion was filed on November 2, 1993, over 40 months after the entry of that judgment.[3] The Alleys' motion which is expressly based upon the alleged fraud of Ellison and others, and nothing more, was not timely filed.

█ The Alleys acknowledge the one-year limitation on the filing of a Rule 60.02 motion based on fraud; but they assert "that since the motion is based on allegations that the Plaintiff and Plaintiff's witnesses practiced a fraud upon the Court in their testimony about their knowledge of the fact that Defendants had an option on the property, that the one (1) year limitation for the filing of such a motion does not apply." Contrary to the requirements of Tenn.R.App.P. 27(a)(7), the Alleys' brief cites no authority for this assertion. Furthermore, we are not aware of any such authority. The proposition cited by the Alleys is not the law in this jurisdiction.

█ In addition to being time-barred, the Alleys' motion and supporting affidavits are, as found by the Chancellor, insufficient to warrant relief from the earlier judgment. The affidavits are filled with conclusory statements and hearsay-based assertions[4].

---

2. They were divorced in February, 1990.

3. While not raised by the parties, we recognize that this case was pending on appeal during the year following entry of the earlier judgment, and that this fact means that the "trial court [had] no jurisdiction to consider a Rule 60.02 motion during the pendency of [the] appeal." *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). This does not affect the requirement that a motion based on fraud must be filed within one year of the judgment from which relief is sought. As the Supreme Court pointed out in *Spence*, a litigant desiring to file a Rule 60.02 motion during the pendency of an appeal, "should apply to the appellate court for an order of remand." *Id.* Unless the motion is frivolous on its face, the Supreme Court has directed that remand to the trial court for consideration of the motion "should be freely granted by the appellate court." *Id.* It is immaterial in the instant case that first the Court of Appeals and then the Supreme Court modified the trial court's earlier judgment. Neither of the appellate courts modified the basic holding of the trial court and the one attacked in the Alleys' Rule 60.02 motion, i.e., that the Alleys breached their fiduciary duty by failing to reveal to Ellison their "true role" in the transactions. We do not address the issue of when a Rule 60.02 motion would need to be filed when an appellate court substantially modifies, by reversal or otherwise, the lower court's judgment.

4. For example, Ms. Porterfield's affidavit contains the following statements:

> I was told and overheard conversations that leave no doubt that Mr. Ellison and Cora Myers conspired to lie and strip Mr. Alley of any money that he made on the sale of the option on Mr. Ellison's farm. Prior to the meeting with Mrs. Myers, Mr. Ellison was very happy about the sale of his farm and he was satisfied that he had received a fair price. He knew that Mr. Alley had an option and was not working as his agent. He was glad he didn't have to auction his farm to get rid of it. He understood the option and its terms and only became unhappy about the sale after being stirred up by the Myers. Mr. Ellison would never have filed a lawsuit if the Myers had left him alone. They convinced him that he could get some money from a lawsuit that would not cost him anything and that they would help him all they could in a lawsuit.

Furthermore, the meager admissible facts[5] which are set forth in the affidavits are not sufficient to establish fraud. *See Leeson v. Chernau,* 734 S.W.2d 634, 638 (Tenn.App. 1987).

■ A Rule 60.02 motion addresses itself to the sound discretion of the trial court. The scope of our review is whether the trial court abused its discretion. *Toney v. Mueller Co.,* 810 S.W.2d 145, 147 (Tenn.1991); *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993). We find that the Chancellor did not abuse his discretion in denying the Alleys' Rule 60.02 motion. The first issue is without merit.

■ The Alleys by their second issue argue that the Chancellor should have recused himself from hearing their Rule 60.02 motion because, after the original hearing, David L. Alley, Sr., filed a complaint against the Chancellor with the Court of the Judiciary[6] based on what Mr. Alley, Sr.'s affidavit refers to as "multiple and significant errors in determining the facts of this case, and applying Tennessee law to those facts." The recusal motion argues that disqualification is warranted because the Chancellor "would likely be biased against the Defendant due to" the filing of the complaint with the Court of the Judiciary.

■ There is no order in the record before us addressing the motion for recusal. There is no indication in the record that the motion was called to the Chancellor's attention. A trial court will not be placed in error for failing or refusing to rule on a motion unless the record clearly reflects that it was asked to do so and thereafter, without just cause, refused to act. *Cary v. Arrowsmith,* 777 S.W.2d 8, 20 (Tenn.App.1989). Assuming, for the purpose of argument, that the trial court orally denied the motion for recusal or denied it in an order which is not in the record before us, we find no error in this

action. The motion and affidavit—with their "would likely be biased against" the Alleys language—are not sufficient to make out a case for recusal. "The determination of whether to recuse oneself rests within the sound discretion of the trial judge."[7] *State v. Galloway,* 696 S.W.2d 364, 367 (Tenn.Cr. App.1985). We find no abuse of discretion in this case. We note, moreover, that "[a] motion to recuse may not be used for the purpose of judge or forum shopping." *U.S. v. Baker,* 441 F.Supp. 612, 615 (M.D.Tenn. 1977). The Alleys' second issue is without merit.

The trial court's judgment is affirmed and this cause is remanded to the trial court for the collection of costs and such other action as may be appropriate. The costs of this appeal are taxed against the appellants and their surety.

GODDARD, P.J. (E.S.), and FRANKS, J., concur.

---

5. Neither affidavit asserts that Ellison was aware that the Myers family was paying $380,000 for his farm, and that the Alleys were receiving $180,000 of that sum.

6. Mr. Alley, Sr.'s *affidavit* points out that the *complaint* was dismissed by the Court of the Judiciary.

7. In the instant case, the Chancellor's discretion would address itself to the Code of Judicial Conduct, particularly Canon 3C. There is absolutely nothing in the record before us to suggest that Chancellor Williams violated that Canon in refusing to disqualify himself.