IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**DEMARCUS KEYON COLE v. STATE OF TENNESSEE**

**Circuit Court for Madison County**
**No. C-24-151**

_____

**No. W2025-01184-CCA-T10B-CO**

_____

**ORDER**

This matter is before the Court upon the pro se Appellant's petition for an accelerated interlocutory appeal pursuant to Tennessee Supreme Court Rule 10B, § 2. The Appellant asks this Court to review the trial court's July 31, 2025 order denying his motion to recuse Judge Donald Allen. The State has filed a response in opposition to the petition. Having reviewed the petition, the supporting documents, and the State's response, this Court has determined that additional briefing and oral argument are unnecessary. *See* Tenn. Sup. Ct. R. 10B, § 2.05, 2.06. The trial court's order is hereby AFFIRMED.

Background

The Appellant was convicted of first degree felony murder and especially aggravated robbery and was sentenced to life plus twenty years. *State v. Cole* ("*Cole I*"), No. W2013-02850-CCA-R3-CD, 2016 WL 2859196 (Tenn. Crim. App. Dec. 22, 2014), *perm. app. denied* (Tenn. 2015). This Court affirmed the Appellant's convictions on direct appeal. *Id*. The Appellant subsequently sought post-conviction relief, alleging ineffective assistance of counsel. *Cole v. State* ("*Cole II*"), No. W2015-01901-CCA-R3-PC, 2016 WL 2859196 (Tenn. Crim. App. May 11, 2016), *perm. app. denied* (Tenn. Sept. 26, 2016). This Court affirmed the post-conviction court's denial of relief. *Id*. The Appellant then began filing a series of untimely petitions for writ of error coarm nobis, each time alleging some piece of newly discovered evidence. *See Cole v. State* ("*Cole III*"), No. W2023-00517-CCA-R3-ECN, 2023 WL 8947153, at *3 (Tenn. Crim. App. Dec. 28, 2023), *perm. app. denied* (Tenn. July 18, 2024) (first coram nobis petition); *Cole v. State* ("*Cole IV*"), No. W2024-00697-CCA-R3-ECN, 2025 WL 884073 (Tenn. Crim. App., March 21, 2025), *perm. app. denied* (Tenn. Aug. 7, 2025) (second coram nobis petition); *Cole v. State* ("*Cole V*"), No. W2024-01276-CCA-R3-ECN, 2025 WL 1392200, at *4 (Tenn. Crim. App. May 14, 2025), *no perm. app. filed* (third and fourth coram nobis petitions).

As relevant to this appeal, on June 27, 2024, the Appellant filed a motion to recuse Judge Allen in trial court case number C-24-151, his fourth coram nobis petition. He alleged that his coram nobis petition was filed in the "wrong" division of the Madison County Circuit Court, that Judge Allen had "ignored" the recusal motion filed in his second coram nobis petition, and that Judge Allen had failed to rule on an issue raised in his first coram nobis petition. On August 14, 2024, Judge Allen entered an order denying the Appellant's fourth coram nobis petition, finding that it was untimely and that there was no basis for tolling the statute of limitations; however, Judge Allen did not rule on the recusal motion. On May 14, 2025, this Court issued an opinion affirming the denial of coram nobis relief but remanding C-24-151 to the trial court for the entry of an order ruling on the recusal motion. *See Cole V*, 2025 WL 1392200, at *10.[1]

On remand, Judge Allen conducted a hearing on the recusal motion on July 21, 2025. Judge Allen noted that during a prior coram nobis petition, the Appellant had filed a motion asking that his case be transferred to Division II because the current judge of Division I was the Appellant's former attorney. *See Cole IV*, 2025 WL 884073, at *3. The Appellant stated that he was trying to have his case set in front of Judge Atkins because Judge Allen had ruled against him previously. The Appellant also stated that he wanted appointed counsel. Judge Allen orally denied the recusal motion. On July 31, 2025, Judge Allen entered a written order finding that the Appellant's stated reason – that "the Court had ruled against him in previous petitions" – was "not grounds for recusal" and that there was no conflict of interests.

On August 4, 2025, the Appellant filed a notice of appeal. On August 11, 2025, this Court entered an order stating that "this appeal should be treated as an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B, § 2" and directing the Appellant to file a petition in compliance with § 2.03. The Appellant filed petitions on September 2 and 4, 2025, and the State filed its response on September 11, 2025.

Analysis

Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides, "A judge shall disqualify himself or herself in any proceeding in which the judge's

---

[1] On June 17, 2024, the Appellant filed a nearly identical motion to recuse in trial court case number C-24-132, his third coram nobis petition. Although the Appellant asserts that it was error for the trial court to fail to rule upon this motion, this Court only remanded for a ruling in C-24-151. *See Cole V*, 2025 WL 1392200, at *10. The Appellant did not file a petition to rehear to have C-24-132 included in the remand, and without a remand, the trial court lacked jurisdiction to enter an order in that case. Furthermore, the Appellant's notice of appeal in this matter only referenced C-24-151. Accordingly, only C-24-151 is properly before this Court. Finally, we note that given the extreme similarities between the two motions, the trial court's findings in C-24-151 would have applied with equal measure to C-24-132.

impartiality might reasonably be questioned." Even if a judge subjectively believes he can be fair and impartial, recusal is required whenever "the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (internal quotation omitted). This Court reviews the trial court's ruling on a motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

"The words 'bias' and 'prejudice' are central to the determination of whether a recusal should be granted." *State v. Rimmer*, 250 S.W.3d 12, 38 (Tenn. 2008). "Generally, the terms refer to a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However, "[n]ot every bias, partiality, or prejudice merits recusal." *Id.* To warrant disqualification, "prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case." *Id.* (internal quotation omitted). "A trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *Alley*, 882 S.W.2d at 821.

In his petitions, the Appellant argues that Judge Allen erred by denying his motion to recuse. The Appellant asserts that Judge Allen, as the judge of Division II, lacked jurisdiction over the Appellant's coram nobis petition because he was originally convicted in Division I. The Appellant cites absolutely no law supporting this argument, waiving the issue. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Even if the issue was not waived, this Court held in one of the Appellant's prior appeals that Judge Allen *did* have jurisdiction to rule on the Appellant's petition, explaining as follows:

> "[a]ny judge or chancellor may exercise by interchange, appointment, or designation the jurisdiction of any trial court other than that to which the judge or chancellor was elected or appointed." [T.C.A.] § 16-2-502. As a duly elected circuit court judge in the Twenty-Sixth Judicial District, Judge Allen had the authority to sign an order dismissing a case filed and pending in the circuit court in his district.

*Cole IV*, 2025 WL 884073, at *3. Moreover, the current judge of Division I was disqualified from hearing the Appellant's coram nobis petition due to a conflict of interest. *See id.* The Appellant does not get to forum-shop and pick which judge hears his coram nobis petition. *See Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995) (quoting *U.S. v. Baker*, 441 F.Supp. 612, 615 (M.D. Tenn. 1977) (noting that "[a] motion to recuse may not be used for the purpose of judge or forum shopping"). The Appellant also asserts that Judge Allen erred by failing to appoint counsel to represent the Appellant during the July 21 hearing. However, the Appellant again cites absolutely no law that he is entitled

to the appointment of counsel during a hearing on a motion to recuse when the underlying matter is a petition for writ of error coram nobis.[2]  As for any claim that Judge Allen should be recused due to his prior rulings on the Appellant's multiple coram nobis petitions, we agree that this is not sufficient to establish bias or prejudice.  *See Cannon*, 254 S.W.3d at 308; *Alley*, 882 S.W.2d at 821.  The Appellant has failed to show how Judge Allen's impartiality could reasonably be called into question.

For the foregoing reasons, the trial court's denial of the Appellant's motion for recusal is hereby AFFIRMED.  Because it appears that the Appellant is indigent, costs associated with this appeal shall be taxed to the State.

s/ Camille R. McMullen, Judge
s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge

---

[2] In fact, this Court has previously held that "because an error coram nobis proceeding is a collateral review of a conviction[,] there is no federal or state constitutional right to counsel." *Brooks v. State*, No. M2010-02451-CCA-R3-PC, 2012 WL 112554, at *18 (Tenn. Crim. App. Jan. 11, 2012).  Instead, the appointment of counsel is within the discretion of the trial court.  *Id.* (citing T.C.A. § 40-14-204).