**TV COMMUNICATIONS NETWORK, INC., a/k/a TVCN, Plaintiff,**

**v.**

**ESPN, INC., a Delaware Corporation, Capital Cities/ABC, Inc., d/b/a ABC Television Network, a/k/a ABC, a New York Corporation, Tele-Communications, Inc., a/k/a TCI, a Delaware Corporation, United Artists Entertainment Company, a/k/a UAE, a Delaware Corporation, American Television and Communications Corporation, a/k/a ATC, a Delaware Corporation, Scripps Howard Cable Company and Scripps Howard Communications, an Ohio Corporation, Mile Hi Cable Company, d/b/a Mile Hi Cablevision, a/k/a Mile Hi, a Colorado Corporation, Turner Network Television, Inc., a/k/a TNT, a Georgia Corporation, Defendants.**

**Civ. A. No. 90–F–864.**

United States District Court, D. Colorado.

April 12, 1991.

Daniel L. Brotzman, Englewood, Colo., Eric Ross, TVCN, Inc., Denver, Colo., for plaintiff.

Edwin Durso, General Counsel, ESPN, Inc., New York City, for defendant ESPN, Inc.

Frederick T. Davis, Jeffrey M. Zimmerman, Patterson, Belknap, Webb & Tyler, New York City, Frederick J. Baumann, Paul J. Zylstra, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendants ESPN, Inc. and Capital Cities/ABC, Inc.

Robert E. Youle, Brian G. Eberle, Sherman & Howard, Denver, Colo., for defendants Tele–Communications, Inc. and United Artists Entertainment Co.

William C. McClearn, James Hartley, Holland & Hart, Denver, Colo., Robert D. Joffe, Andrea J. Pollack, Cravath, Swain & Moore, New York City, for defendants American Television and Communications Corp. and Mile Hi Cable Co.

James A. Clark, Bruce D. Pringle, Marjorie N. Sloan, Baker & Hostetler, Denver, Colo., for defendants Scripps Howard Cable and Scripps Howard Communications.

Miles C. Cortez, Jr., Stephen J. Hensen, Cortez & Friedman, P.C., Denver, Colo., John J. Dalton, P.C., June Ann Kirkland, P.C., Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant Turner Network Television, Inc.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on plaintiff's Motion to Recuse, filed April 12, 1991. For the reasons stated below, the Motion is denied.

Plaintiff TVCN seeks recusal pursuant to 28 U.S.C. § 455. Plaintiff contends that disqualification is mandated by the personal friendship between Chief Judge Finesilver and William Daniels, a principal of Daniels & Associates. Further, a member of Chief Judge Finesilver's family is employed by Daniels & Associates. Plaintiff alleges that Daniels & Associates owns an unspecified amount of stock in one or more of defendant cable television companies.

28 U.S.C. § 455 provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 2202, 100 L.Ed.2d 855 (1988). The test applied under § 455 is not whether a judge is in fact biased or prejudiced, but whether a judge's impartiality might reasonably be questioned. *Liljeberg*, 486 U.S. at 858–62, 108 S.Ct. at 2201–03; *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir.), *cert. den.*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *United States v. Gonzalez*, No. 89–F–1740, slip op. at 1 (D.Colo. October 17, 1990); *United States ex rel. Woodard v. Tynan*, No. 80–F–400, slip op. at 15 (D.Colo. December 31, 1986). The facts must be evaluated from the viewpoint of an objective reasonable observer. *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir.1979); *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir.1978); *Gonzalez*, slip op. at 1; *Tynan*, slip op. at 15. The viewpoint to be adopted is that of a reasonable and knowledgeable person, well versed in all of the underlying facts. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987); *Tynan*, slip op. at 15.

Mere allegations of a social relationship between a judge and a litigant in his court are not sufficient grounds for disqualification. *In re Beard*, 811 F.2d 818, 828 (4th Cir.1987). "[W]hen a judge presides in an area where he and his family have lived for one or more generations, the number of people who have, directly or indirectly, helped family members, relatives, close friends, and friends of friends would form a large and indeterminate community ..." *In re A.H. Robins Co., Inc.*, No. 85–01307–R, slip op. at 24 (E.D.Va. March 14, 1986), (citing *In re U.S.*, 666 F.2d 690, 697 (1st Cir.1981)), acquiesce, *In re Beard*, 811 F.2d 818 (4th Cir.1987). "A judge is not expected to live in isolation. Through the years, he is bound to have developed many business and personal contacts in the community, and to have acquired supporters and critics." *Laxalt v. McClatchy*, 602 F.Supp. 214, 217 (D.Nev. 1985). In the present case, the alleged interest is even more tenuous. William Daniels is not a litigant in the above captioned action, nor is Daniels & Associates. Any ownership of shares in defendant corporations by Mr. Daniels or Daniels & Associates is not apparent from the caption of the case. Further, the Motion is unclear as to the scope of the interest owned by Mr. Daniels or his company.[1] The social rela-

---

1. The Motion states:
   Daniels and Associates is a part of the Denver cable industry and owns shares of Mile Hi Cablevision, a defendant in the present case. The ownership of Mile Hi Cablevision Associates, Ltd. (a partnership) also involves American Television and Communications Corporation (ATC) and Tele–Communications Inc. (TCI) both of which are also defendants in the above captioned matter.

   Motion to Recuse, ¶ 3. The Motion does not indicate the number or value of shares held by Daniels & Associates. Further, the Motion is unclear as to the involvement of Daniels & Associates in American Television and Communications Corporation and Tele–Communications, Inc.

tionship between Judge Finesilver and Mr. Daniels, even if long standing, does not merit recusal.

■ A judge is not expected to recuse himself where his interest, or the interest of a family member, in the litigation is indirect and attenuated. "Whether such an interest is disqualifying depends upon 'the remoteness of the interest and its extent or degree.' ... As the interest becomes less direct, it will require disqualification only if the litigation substantially affects that interest." *In re Beard*, 811 F.2d 818, 831 (4th Cir.1987). In *Hewlett–Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556 (Fed. Cir.1989), employment of a judge's son by plaintiff corporation did not justify recusal where the son was not involved in the suit and the outcome of the suit would not effect his employment or financial status. *Hewlett–Packard* is strikingly similar to the instant case. Employment alone does not create a personal or financial interest in the litigation. Employment of a member of the judge's family by Daniels & Associates is additionally attenuated, as the Daniels firm is not involved in this litigation. The Motion to Recuse does not specify any beneficial interest that would inure to a member of the judge's family by virtue of employment at Daniels & Associates. Any benefit is, of necessity, without basis or foundation.

■ Conclusory allegations do not mandate recusal under § 455. A judge need not recuse on unsupported, irrational, or highly tenuous speculations and should ignore rumors, innuendos, and erroneous information. *Hinman*, 831 F.2d at 939. "[A]ctual facts, not conclusions, showing bias must be shown by the affidavit." *Robins*, slip op. at 19. Further, "[c]onclusions, opinions, rumors and gossip need not be accepted by the Court." *Id.* at 21–22.

Similarly, articles and features in the media suggesting impropriety cannot act as a barometer of the reasonable observer standard. *Little Rock School Dist. v. Arkansas State Bd. of Educ.*, 902 F.2d 1289, 1292 (8th Cir.1990); *Hewlett–Packard*, 882 F.2d at 1569. Movant's allegations are unsupported by affidavits or other factual basis.[2] There are no facts presently before the court which tend to create an appearance of impropriety. Additionally, despite the well developed body of law and jurisprudence in this area and the seriousness of the allegations presented, movant cites no precedent to assist the court in resolution of this matter.

■ A serious question of timeliness is also raised with respect to the Motion. A reasonable challenge against a judge should be made at the first opportunity after the discovery of the facts requiring disqualification.[3] Promptness in asserting a Motion for disqualification prevents a party from waiting for the outcome of the litigation before taking action. "The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming." *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986), citing, *Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir. 1978). The wait and see attitude of plaintiff militates against the bona fides of the Motion. The court notes that this Motion was filed on Friday, April 12, 1991, after dismissal of the case on a Motion for Reconsideration. The Order of dismissal was entered and mailed on April 5, 1991. The court additionally notes that, as this litigation was terminated by that dismissal, the

---

2. For example, TVCN states:

It is in the personal interest of Mr. Jay Finesilver, *due to his position with Daniels and Associates and Mile High Cablevision,* that the Plaintiff, TVCN, lose this case.

Motion to Recuse, ¶ 5 (emphasis added). Movant has failed to allege facts demonstrating a

personal interest in the outcome of this litigation. Further, what, if any, position is held by Mr. Finesilver in Mile High Cablevision is unclear.

3. The Motion does not indicate when the circumstances for which recusal is sought became known to plaintiff.

Motion requests no relief which can be granted.

Although a judge should disqualify himself or herself in an appropriate case, the integrity of the judicial system demands that a judge must also have the fortitude to refuse to disqualify when recusal is not mandated by the facts. Motions to recuse cannot be viewed as an additional arrow in the quiver of advocates in the face of adverse rulings.

ACCORDINGLY, IT IS ORDERED that the Motion to Recuse is DENIED.