# 95 DTA 85

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO
### PANEL I

EL PUEBLO DE PUERTO RICO

v.

WALTER MANGUAL SANTIAGO
Peticionario

Núm. KLCE-95-00251

San Juan, Puerto Rico, a 12 de mayo de 1995

■■■■■■■■■■■■■■

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante este recurso se nos pide que revisemos una resolución del Tribunal de Primera Instancia, Sala Superior de Ponce, declarando no ha lugar una *"Moción de Inhibición"* y la correspondiente *"Moción de Reconsideración"*. En este caso se solicitaba la inhibición de la Honorable Eliadís Orsini Zayas, J., aduciendo como fundamento que la Juez Orsini Zayas tenía opinión formada o había prejuzgado el asunto que habrá de considerarse en una vista de supresión de evidencia ordenada por el Tribunal Supremo de Puerto Rico.

Con fecha de 8 de marzo de 1995 y notificada el 9 de marzo de 1995, la propia juez recusada emitió una Resolución y orden declarando no ha lugar la moción de inhibición radicada por el peticionario. Además, señaló la vista de supresión de evidencia ordenada por el Tribunal Supremo para el día 12 de junio de 1995. La Juez Orsini Zayas resolvió expresamente no haber formado opinión o prejuzgado el asunto que habría de dilucidarse en la vista evidenciaria ordenada por el Tribunal Supremo.

El peticionario alega que *"erró la Honorable Juez de Instancia Eliadís Orsini Zayas al resolver ella misma la Moción de Inhibición y no referir ésta [sic] a la consideración de otro juez conforme lo que claramente establece la Regla 79 de las de Procedimiento Criminal de Puerto Rico"* y *"al declarar no ha lugar la Moción de Inhibición a pesar de que la misma procedía como cuestión de derecho"*.

El peticionario solicita que conforme a la Regla 79 de las de Procedimiento Criminal este Tribunal revoque y deje sin efecto las resoluciones recurridas ordenando que su moción de inhibición sea referida para su resolución final a la consideración de otro juez y/o que, en la alternativa, ordenemos la inhibición de la Juez Orsini Zayas para entender en la vista evidenciaria ordenada por el Tribunal Supremo de Puerto Rico el día 10 de octubre de 1994 y

que sea otro magistrado del Tribunal de Primera Instancia, Sala Superior de Ponce, quien presida la misma. Veamos.

La Regla 79 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 79, establece:

*"Cuando se presentare una moción de inhibición fundada en los incisos (d) y (f) de la Regla 76, █ el juez impugnado no conocerá de la misma, y dicha moción será vista ante otro juez."*

La Regla 79 requiere que la moción sea referida a otro magistrado cuando se alegare que el juez que preside el caso tiene una opinión formada (prejuicio) a favor o en contra de alguna de las partes o cuando tuviere interés en el resultado del caso.

A pesar de que el texto de la Regla no explica con particularidad el procedimiento a seguir cuando se presenta una moción de inhibición, podemos recurrir a las doctrinas estatales y federales que cubren el asunto puesto que nuestra regla es producto de la adopción de leyes y doctrinas federales, y su texto es prácticamente igual al federal.█ La jurisprudencia federal al respecto es abundante. El juez cuya inhibición se solicita no tiene que referir automáticamente la moción a otro magistrado para que la adjudique, sino que, de inicio deberá pasar juicio sobre su suficiencia legal. Una vez la examine, si determina que la moción es suficiente en derecho, la referirá a otro magistrado para que la adjudique; de lo contrario no tendrá que referirla.

La moción en su faz no tiene que demoestrar la existencia de prejuicio o parcialidad real por parte del juez. Podría alegarse una apariencia razonable de parcialidad. Para determinar su suficiencia legal, dependerá de que los hechos que en ella se aleguen sean pertinentes y de tal naturaleza que, de ser ciertos, convencerían a una persona razonable, a un buen padre de familia, sobre el interés o prejuicio del juez en el caso. Se tiene que alegar y demostrar afirmativa y específicamente en qué consiste el prejuicio y parcialidad del magistrado, no siendo suficiente meras alegaciones y conjeturas.█ La suficiencia de una moción de inhibición estará determinada, entonces, por el criterio judicial de razonabilidad█

Los casos federales consistentemente exigen que se muestre una prueba clara y convincente para determinar la suficiencia legal de una moción de inhibición al amparo de la Sec. 144 del estatuto federal. *U.S. v. Thompson,* 483 F.2d, a la pág. 528. A tenor con la sec. 255, la jurisprudencia ha aplicado, como regla general, el estandar de duda razonable. Véase, *Chitmacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1165 (5th Cir. 1982). La realidad es que no existe un estandar uniforme en la jurisprudencia federal aplicable a las mociones de inhibición, pero está claro que el estándar no es el de causa probable y mucho menos el de preponderancia de la prueba.

Las mociones de inhibición de los jueces deben ser evaluadas a la luz de un criterio riguroso. Todo juez se presume calificado para atender cualquier caso que le es asignado y ningún litigante tiene derecho a que su caso se ventile ante un juez de su libre selección. Por tal razón, si el magistrado determina que las alegaciones del acusado son legalmente insuficientes para requerir su inhibición, tendrá el deber de continuar presidiendo el caso.

En *Pueblo v. González Navarrete,* 117 D.P.R. 577 (1986), el Tribunal Supremo de Puerto Rico resuelve una controversia en torno a la inhibición de un juez en el juicio por haber presidido una vista de supresión de evidencia. En este caso el acusado alega que se cometió el siguiente error:

*"[E]rró el Hon. Tribunal de Instancia al negarse a trasladar el caso a otra sala para la celebración del juicio en su fondo de la causa criminal que pesaba contra el acusado y*

*peticionario aún cuando existió el hecho que en una de las etapas del caso cuando se discutiera una Petición Sobre Supresión de Evidencia, dicho magistraado presidió la vista habiéndose desfilado toda la prueba ante dicho magistrado y estando el caso señalado para verse por Tribunal de derecho y luego de haber escuchado casi toda la prueba que desfilaría del caso el día de la celebración del juicio en su fondo."*

El Tribunal Supremo de Puerto Rico resolvió este señalamiento de error utilizando el siguiente argumento:

*"Como dijimos en In re: Marín Báez, 81 D.P.R. 274, 287 (1959), "nunca ha sido ni es la norma constitucional que cualquier contacto previo con la prueba, no importa su alcance y efectos, incapacite a un juzgador para dirimir posteriormente los méritos de una controversia". Esa norma general es la prevaleciente en las reglas. Así, entre los fundamentos de inhibición de la Regla 76 de Procedimiento Criminal no hallamos sostén para la teoría del apelante. Por el contrario, la Regla 234 que gobierna el trámite a seguir en torno a una moción de supresión de evidencia, contempla la posibilidad de que se dilucide conjuntamente en la vista en su fondo. Esa práctica es frecuente. "En muchas ocasiones la prueba del fiscal en oposición de las pretensiones de la defensa es la misma que tiene para sostener la acusación y el juez recibe la prueba durante la vista del caso en su fondo. Normalmente no constituye perjuicio para el acusado. Ver Dibella v. United States, 369 U.S. 121 (1962)." Pueblo v. Flores Valentín, 88 D.P.R. 913, 914 (1963). Aparte de lo expuesto, concluir lo contrario promovería la práctica incontrolable de descualificar jueces. Finalmente, ¿cómo sostener que pueda haber una infracción constitucional porque el juicio sea ventilado ante el mismo juez que separadamente declaró sin lugar la supresión, y no la haya en ocasión de plantearse la cuestión durante el proceso?*

*En resumen, el error no fue cometido. El apelante reclama de forma general el derecho. No aduce ni nos ha demostrado perjuicio específico alguno. Salvo que entremos en el campo de la especulación o en el fascinante laboratorio académico, el planteamiento carece de méritos."*

A nuestro juicio, la anterior cita dispone del fundamento de recusación aducido por el peticionario.

Por todos los fundamentos expuestos, se declara no ha lugar la petición de *certiorari* en el caso de epígrafe.

Así lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 85

**1.** La Regla 76 de las de Procedimiento Criminal establece en parte:

*"En cualquier proceso criminal, El Pueblo o la defensa podrán solicitar la inhibición del juez por cualquiera de los siguientes motivos:*

*(a).........*

*(b)......*

*c).........*

*(d) Que el juez tenga interés en el resultado del caso.*

*(e)...........*

*(f) Que el juez tenga opinión formada o prejuicio a favor o en contra de cualquiera de las partes, o haya prejuzgado el caso.*

*(g)...........*

**2.** Véase 28 U.S.C. secs. 144 y 455.

**3.** *Pueblo v. Dones Arroyo,* 106 D.P.R. 303, 317 (1977)

**4.** *TV Communications Network. Inc. v. ESPN. Inc.,* 767 F. Supp. 1077 (D. Colo. 1991); *General Aviation. Inc. v. Cessna Aircraft Co.,* 915 F.2d 1038, 1043 (6th Cir. 1990); *U.S. v. Adams,* 722 F.Supp. 408, 412 (W.D. Tenn. 1989); *In Re: Wirebound Boxes Antitrust Litigation,* 724 F.Supp. 648, 650-51 (D.Minn. 1989); *Union Carbide Corp., v. U.S. Cutting Service. Inc.,* 782 F.2d 710, 715-16 (7th Cir. 1986); *United States v. DeLuna,* 763 F.2d 897, 907 (8th cir. 1985); *S.J. Grosves & Sons v. Inter. Bro. of Teamsters,* 581 F.2d 1241, 1248 (7th Cir. 1978).