

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John F. Oldham | ) | Docket No. 2022-03-0420 |
| | ) | |
| v. | ) | State File No. 66575-2020 |
| | ) | |
| Freeman Webb Company Realtors d/b/a Sunnybrook, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' Compensation Claims | ) | Heard February 7, 2024 at Knoxville |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded

---

The employee sustained injuries to his right foot and leg while working for the employer in October 2020. Thereafter, in April 2022, the parties presented a proposed settlement to the trial court resolving the employee's claim for an original award of permanent partial disability benefits. When the employee's initial benefit period ended, the employee filed a petition for increased benefits, extraordinary relief, or permanent total disability. The employer denied the employee's claim for additional benefits, asserting in part that the employee's permanent work restrictions were unrelated to the work accident. Following a period of discovery, the employer filed a motion for partial summary judgment, arguing that the employee's court-approved settlement for permanent partial disability benefits precluded, as a matter of law, any award of permanent total disability benefits. The employer further argued that the medical evidence did not support an award of extraordinary relief under the express terms of that statute. In addition, the employer filed a motion to quash a subpoena *duces tecum* the employee had served on the employer's vocational expert seeking the production of certain documents. In two separate orders, the trial court declined to rule on the employer's motion for partial summary judgment prior to the compensation hearing, and it declined to quash the subpoena *duces tecum*. The employer has appealed both orders, which we consolidated for purposes of this appeal. Upon careful consideration of the record and arguments of counsel, we affirm in part and vacate in part the trial court's orders and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

1

A. Allen Grant and Benjamin T. Norris, Nashville, Tennessee, for the employer-appellant, Freeman Webb Company Realtors d/b/a Sunnybrook

Andrew J. Roberto, Knoxville, Tennessee, for the employee-appellant, John F. Oldham

**Factual and Procedural Background**

John Oldham ("Employee") worked for Freeman Webb Company Realtors ("Employer") as a maintenance technician. On October 6, 2020, Employee sustained a work-related injury when his foot became caught in the seat arm of a golf cart he was working on, and he fell. The fall caused a displaced femoral fracture in his right leg. After a period of authorized medical treatment, the parties reached a tentative settlement of Employee's "original award" based on a medical impairment rating of 8%. On April 28, 2022, the trial court approved the settlement, which included the following language:

> If, at the end of the initial compensation period, Employee has not returned to work with any employer or has returned to work at a lower rate of pay than Employee received on the date of the injury, Employee may file a Petition for Benefit Determination to determine *whether Employee is entitled to increased benefits under Tennessee Code Annotated section 50-6-207(3)(B) or extraordinary relief under Tennessee Code Annotated section 50-6-242(a)* . . . . If the judge determines Employee is entitled to an increased award or extraordinary relief, Employer will be credited for payment of the original award under this agreement.

(Emphasis added.) After the initial compensation period expired, Employee filed a new petition in November 2022 seeking "increased benefits, extraordinary relief and/or Permanent Total Disability." Following the issuance of a dispute certification notice, the trial court entered a scheduling order setting various deadlines and scheduling the compensation hearing for October 18, 2023. In September 2023, due to a conflict in the trial court's schedule, an Amended Scheduling Order was entered resetting the compensation hearing for December 20, 2023. This order also set an October 4, 2023 deadline for the filing of dispositive motions.

Employer filed a motion for partial summary judgment on October 4 arguing that, as a matter of law, Employee was disqualified from seeking either extraordinary relief or permanent total disability. Employer asserted, in part, that "[b]ecause Employee entered into a binding settlement agreement for permanent partial disability benefits that was approved by [the] Court, he is not eligible for permanent total disability benefits." It further argued that Employee cannot qualify for extraordinary relief under Tennessee Code Annotated section 50-6-242 because his medical impairment rating was less than 10%, and a rating of 10% or more is a statutory prerequisite for seeking extraordinary relief. On the face of its motion for partial summary judgment, Employer included a

2

notice setting an in-person hearing to address its motion for November 15, 2023, as required by Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(c). Thereafter, a separate notice of hearing was filed confirming that the motion hearing was set for November 15, which was five weeks before trial. On November 9, 2023, a new Notice of Hearing was filed reflecting the court's decision to reset the hearing on Employer's motion for summary judgment for December 20, the same day as the trial.

In addition, Employer filed a motion on October 24 asking the court to compel Employee to attend an in-person evaluation with Employer's vocational expert. Employee had declined to attend the evaluation voluntarily, arguing that Employer's request was too late because the deadline for taking expert proof depositions had passed.[1] On November 9, the trial court granted Employer's motion to compel Employee's attendance at an evaluation by Employer's vocational expert, which was set for the following week.

On November 14, 2023, counsel for Employee asked the trial court clerk to issue a subpoena *duces tecum*, which was personally served by Employee's counsel on Employer's vocational expert on the date of the vocational evaluation.[2] The subpoena indicated Employer's vocational expert was to appear at the offices of Employee's counsel on November 28, 2023, and bring with her the following:

1. All correspondence related to this claim between your office and the Employer or any representative of the Employer;
2. Any notes generated in conversations regarding job surveys; and
3. The full results and data collected by your office related to [Employee's] history and performance in your vocational assessment.

On November 9, Employer filed a "Motion Requesting Ruling on Employer's Motion for Partial Summary Judgment Prior to Compensation Hearing or, in the Alternative, Continuance of Compensation Hearing." On November 20, Employer filed a "Motion to Quash Subpoena" that had been served on its vocational expert.

Thereafter, the trial court entered two orders. In the first, it denied Employer's motion seeking a pre-trial ruling on its motion for partial summary judgment. The trial court reasoned that Employer's request was akin to a request for a bifurcated hearing,

---

[1] In its original Scheduling Order filed on March 3, 2023, the court set a deadline of August 31, 2023 to "complete proof depositions of all medical and/or expert witnesses." That deadline was not altered in the Amended Scheduling Order. However, as later noted by the trial court, the scheduling order did not include, and the parties did not request, a deadline for the disclosure of the identity of vocational experts who may testify in person at trial and/or any written reports produced by such experts.

[2] The line on the subpoena form on which the server is to record the "Date of Service" is blank, but the signature of Employee's counsel appears below that line, and the signature of Employee's counsel was notarized on November 14.

which the court noted was disfavored in workers' compensation cases, and any order addressing a motion for partial summary judgment would be interlocutory in nature, which would not assist the parties in preparing for trial. In its second order, the trial court denied Employer's motion to quash the subpoena that had been served on its vocational expert, reasoning that Rule 26.02 of the Tennessee Rules of Civil Procedure "allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending litigation, whether it is related to the claim or defense." The court then concluded, "Given the limited time available before the compensation hearing, the Court finds a subpoena *duces tecum* appropriate in this instance." Employer has appealed both orders.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). However, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

A trial court's decisions regarding pretrial discovery are discretionary and are reviewed for an abuse of discretion. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). We are required to "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted). This standard does not permit us to substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

**Analysis**

On appeal, Employer raises two broad issues, which we have restated as follows: (1) whether the trial court erred in declining to rule on Employer's motion for partial summary judgment prior to the compensation hearing; (2) whether the trial court erred in determining Employer's vocational expert was subject to a subpoena *duces tecum* under Tennessee Rule of Civil Procedure 26.02(4).

*Motions for Partial Summary Judgment*

The Tennessee Court of Workers' Compensation Claims conducts hearings in accordance with the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence "unless an alternate procedural or evidentiary rule has been adopted by the [Bureau's] administrator." Tenn. Code Ann. § 50-6-239(c)(1). In circumstances where a Rule of Civil Procedure conflicts with the Bureau's rules or regulations, the rule adopted by the Bureau will prevail. *Id.*; *see also Syph v. Choice Food Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *8 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016).

In *Syph*, we addressed the circumstances in which an employer could seek to dismiss an employee's claim for benefits prior to the final compensation hearing. In addressing motions for summary judgment filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, we reviewed the Tennessee Supreme Court's opinion in *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015) and noted the Court's discussion of the relative burdens of proof:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis . . . . When a motion for summary judgment is made and supported as provided in Tennessee Rule 56, to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of [its] pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts at the summary judgment stage showing that there is a genuine issue for trial.

*Syph*, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *20-21 (quoting *Rye*, 477 S.W.3d at 264-65) (internal quotation marks and citations omitted).

Following the passage of the 2013 Workers' Compensation Reform Act, several cases have arisen in which the Court of Workers' Compensation Claims was asked to address a motion for partial summary judgment. For example, in *Rye v. Calsonic Kansei North America, Inc.*, No. 2017-06-0627, 2018 TN Wrk. Comp. App. Bd. LEXIS 64

(Tenn. Workers' Comp. App. Bd. Nov. 29, 2018), the employee filed a motion for partial summary judgment asking the court to deem his claim for benefits based on carpal tunnel syndrome compensable. *Id.* at \*5. In denying the employee's motion, the trial court noted that addressing the merits of the employee's motion would require it to "make factual determinations," which was inappropriate at the summary judgment stage. *Id.* at \*6. On appeal, we affirmed, stating, "Any determination of causation on this record requires comparing testimony and assessing credibility, which the trial court must not do at the summary judgment phase." *Id.* at \*13.

In *Linsey v. Acadia Healthcare Co.*, No. 2017-08-1276, 2019 TN Wrk. Comp. App. Bd. LEXIS 17 (Tenn. Workers' Comp. App. Bd. May 13, 2019), an employee was attacked by a patient at the medical facility where she worked. *Id.* at \*2. The employee alleged back and shoulder injuries, and subsequently asserted a mental injury. *Id.* at \*3. After selecting a mental health provider from a panel, that provider declined to treat the employee. *Id.* More than one year passed before the employee filed a petition seeking benefits for her alleged mental injury. *Id.* Thereafter, the employer filed a motion for summary judgment as to the mental injury claim only, which we noted was a motion for *partial* summary judgment. *Id.* at \*9. On appeal, we determined the trial court had erred in not granting partial summary judgment as to the mental injury claim. *Id.* at \*21.

Finally, in *Warren v. The Pictsweet Co.*, No. 2017-07-0811, 2019 TN Wrk. Comp. App. Bd. LEXIS 60 (Tenn. Workers' Comp. App. Bd. Oct. 17, 2019), an employee settled his claim for his original award of permanent partial disability benefits, then later filed a petition seeing increased benefits or extraordinary relief. *Id.* at \*3. The employer filed a motion for partial summary judgment, alleging the employee had failed to show that limiting his relief to the original award "would be inequitable" given that the employee admittedly had not sought any other employment after separating from the employer. *Id.* Because the trial court's resolution of this issue would require a "determination of fact," we concluded the trial court did not err in denying the employer's motion for partial summary judgment. *Id.* at \*6-7.

In conjunction with the decisions noted above, we have also been presented with numerous cases in which a party asked a trial court to resolve an issue of compensability at an interlocutory stage of the case, typically through the use of a bifurcated trial. We have consistently concluded that it is generally improper for a trial court to use bifurcation to determine the compensability of a claim at an interlocutory stage of the case. *See, e.g.*, *Foriest v. United Parcel Service, Inc.*, No. 2017-06-0413, 2018 TN Wrk. Comp. App. Bd. LEXIS 39 (Tenn. Workers' Comp. App. Bd. Aug. 10, 2018) ("[T]he issue of compensability was not ripe for adjudication at an interlocutory stage of the case . . . . [O]ur Supreme Court's Special Workers' Compensation Appeals Panel has observed that bifurcated trials serve little purpose in workers' compensation cases." (internal quotation marks omitted)).

We also addressed the intersection between premature compensability determinations and motions for partial summary judgment in *Love v. Love Management, Inc.*, No. 2020-06-0102, 2022 TN Wrk. Comp. App. Bd. LEXIS 9 (Tenn. Workers' Comp. App. Bd. Feb. 23, 2022). In *Love*, the employee filed a motion for partial summary judgment seeking a determination that her alleged accident occurred in the course and scope of her employment with the employer. *Id.* at *6.[3] Following a period of discovery, the trial court set a hearing on the employee's motion for partial summary judgment, and the insurer filed a motion to continue the hearing. *Id.* at *7. The trial court denied the insurer's request for a continuance and, after the hearing, entered an order granting partial summary judgment in favor of the employee as to the issue of compensability. *Id.* at *13. On appeal, we reversed, concluding the trial court had applied an incorrect legal standard in denying the insurer's motion for a continuance and in granting partial summary judgment on the issue of compensability. *Id.* at *19-20. A concurring opinion emphasized that an interlocutory order purportedly resolving the issue of compensability "has resolved nothing because the interlocutory nature of the order makes it subject to revision at any time prior to the issuance of a final compensation order." *Id.* at *28 (Conner, J., concurring). The concurrence further noted that "nothing prevents the party who lost at the bifurcated hearing from seeking additional discovery on the very issue the parties sought to resolve at the bifurcated hearing." *Id.* at *28. Finally, the concurrence concluded that the trial court's interlocutory order purportedly resolving the issue of compensability is "essentially a non-binding advisory opinion." *Id.* at *32.

In the context of the present case, we are asked to address whether motions for partial summary judgment are, *per se*, prohibited by the statutes and rules applicable to the Court of Workers' Compensation Claims. We conclude they are not. Motions for partial summary judgment can be appropriately addressed in circumstances where resolving the motion does not require the trial court to consider the credibility of witnesses or make compensability determinations based on its weighing of the evidence presented to date. What we have stated in previous cases, as highlighted in *Love*, is that determining the compensability of an employee's claim for benefits is almost always inappropriate at an interlocutory stage of the case, including in the context of motions for partial summary judgment. As we explained in *Foriest*:

> [F]uture developments in the case can impact the ultimate determination of compensability. . . . [W]e conclude that, as Employee has not yet completed his medical treatment . . . further developments over the course of the litigation may well alter the rights and obligations of the parties. As such, a final determination of the compensability of the claim has not matured to the point that it warrants a judicial decision.

---

[3] The *Love* case was complicated by the fact that the employer took a position adverse to its workers' compensation insurer as to the issue of compensability, which necessitated that the employer and insurer be represented by separate counsel.

*Foriest*, 2018 TN Wrk. Comp. App. Bd. LEXIS 39, at *8 (internal quotations marks and citations omitted).

Here, Employer asked the trial court to address two questions of law in its motion for partial summary judgment: (1) whether an employee who previously entered into a settlement agreement for permanent disability based on a medical impairment rating less than 10% can later seek an award of extraordinary relief as described in Tennessee Code Annotated section 50-6-242; and (2) whether an employee who previously settled his claim for permanent *partial* disability benefits can later seek an award of permanent *total* disability. Neither of those questions requires the court to consider the credibility of witnesses or make preliminary compensability determinations. Indeed, the compensability of Employee's claim was acknowledged by Employer in the original settlement agreement. Thus, we conclude the trial court could have elected to address the questions of law raised by Employer in the context of a motion for partial summary judgment.

*Trial Court's Discretion to Address Pre-Trial Motions*

The conclusion we have reached above does not end the inquiry. Although we agree with Employer that a trial court *can* address questions of law at an interlocutory hearing in circumstances such as arose in this case, we must also address whether a trial court *must* entertain such issues at an interlocutory stage of the case if requested to do so by a party. We conclude a trial court's decision regarding whether to resolve any particular issues at an interlocutory stage of the case is within its sound discretion, and we will disturb such determinations only upon a showing that the trial court abused its discretion. *See, e.g.*, *Ellison v. Alley*, 902 S.W.2d 415 (Tenn. Ct. App. 1995) ("[a] trial court will not be placed in error for failing or refusing to rule on a motion unless the record clearly reflects that it was asked to do so and thereafter, without just cause, refused to act").

We previously addressed a similar issue in *Hollis v. Komyo America*, No. 2016-03-0298, 2017 TN Wrk. Comp. App. Bd. LEXIS 25 (Tenn. Workers' Comp. App. Bd. Mar. 7, 2017). In *Hollis*, the employer filed a motion for summary judgment in which it asserted that the employee could not come forward with expert medical proof supporting her claim. *Id.* at *4. Although the employer set a hearing and notified the employee's counsel of that hearing date, the trial court *sua sponte* delayed the hearing on the employer's motion for summary judgment and instead used that hearing date to consider the employee's motion for a "stay" or continuance. *Id.* at *4-5. On appeal, we concluded the trial court had not abused its discretion and explained, "[T]he text of Rule 56 does not specify a time within which a trial court must conduct a hearing on a previously filed motion for summary judgment . . . . It gives a trial court significant discretion to determine the appropriate time in the course of litigation to conduct a hearing on a party's motion for summary judgment." *Id.* at *7. In response to the employer's argument that

a trial court cannot, in its discretion, refuse to address the merits of a properly-filed dispositive motion, we stated as follows:

> Contrary to Employer's argument, the trial court has not refused to address the merits of Employer's motion but has merely delayed its consideration of the merits of the motion to give Employee the opportunity to take a medical deposition. Such an action does not constitute a refusal to address the merits, as Employer contends, but is instead an action that controls the pace of litigation. Employer does not describe in any detail the nature of the alleged prejudice it has suffered as a result of the trial court's order. In essence, Employer's argument implies that once an employer elects to file a motion for summary judgment, a trial court is obligated to act on the motion without regard to the circumstances of the case, the course of discovery, the employee's medical status, or the occurrence of expert depositions. A litigant does not control the pace of litigation; it is the trial court's duty to monitor the course of discovery and schedule hearings as it deems appropriate and fair to all parties.

> On the other hand, a non-moving party cannot be given an unfettered ability to delay a hearing on a dispositive motion until he or she believes the proof is sufficient to withstand the motion. Allowing a non-moving party to delay a hearing on a dispositive motion indefinitely would eviscerate the summary judgment process and render such motions meaningless. Thus, *in setting hearings on pending motions, a trial court must balance the interests of both parties, give each side a reasonable and meaningful opportunity to prepare for the motion hearing, and set the hearing as expeditiously as it deems appropriate under the circumstances of the case.*

*Id.* at *9-10 (emphasis added) (internal quotation marks and citation omitted).

Here, we cannot conclude the trial court abused its discretion in resetting the hearing on Employer's motion for partial summary judgment. Employer filed its motion on October 4, the last possible day as mandated by the court's scheduling order. Employer set a hearing on its motion for November 15, and trial was set for December 20. Both parties were actively preparing for trial and both parties had retained vocational experts who were expected to testify at trial. Employer would not have been spared any significant time or expense by having its motion heard on the original hearing date given that its vocational expert completed her evaluation *before* the original hearing date, and the trial court would have needed time to evaluate the motion, decide the issues, and prepare an order on Employer's motion. By the time any such order was issued, both parties would have completed most trial preparation activities. On the other hand, we acknowledge that, in some circumstances, a pre-trial decision addressing such a motion

9

can result in savings of time and expense and/or changes in trial strategy. We conclude, however, that the trial court did not apply an incorrect legal standard, reach an illogical conclusion, or employ reasoning that caused an injustice to the complaining party. We further conclude the trial court's decision to reset the hearing on Employer's motion for partial summary judgment was within the range of acceptable alternative dispositions. *See Lee Med., Inc.*, 312 S.W.3d at 525.

*Use of Subpoena Duces Tecum in Expert Discovery*

Next, Employer asserts the trial court erred in compelling its vocational expert to respond to a subpoena *duces tecum* served on her by Employee's counsel. Several rules must be considered to address this issue. First, Tenn. Comp. R. and Regs. 0800-02-21-.17(6) authorizes the Clerk of the Court of Workers' Compensation Claims to "issue signed subpoenas in blank in accordance with the Tennessee Rules of Civil Procedure." That rule also requires the party who requested issuance of the subpoena to "complete and serve their own subpoenas." Tenn. Comp. R. & Regs. 0800-02-21-.17(6)(a). The use of subpoenas is governed generally by Tennessee Rule of Civil Procedure 45, and the use of a subpoena *duces tecum*, or a subpoena for the production of documents, is authorized in Rule 45.02. That rules states:

> A subpoena may command a person to produce and permit inspection, copying, testing, or sampling of designated books, papers, documents, electronically stored information, or tangible things . . . with or without commanding the person to appear in person at the place of production or inspection . . . . An order of the court requiring compliance with a subpoena issued under this rule must provide protection to a person that is neither a party nor a party's officer from undue burden or expense resulting from compliance.

Tenn. R. Civ. P. 45.02. Moreover, Rule 45.07 provides certain protections for non-parties served with a subpoena *duces tecum*. As cited by Employer, a non-party witness served with a subpoena for the production of documents can serve a written objection to the subpoena "within twenty-one days after the subpoena is served." Tenn. R. Riv. P. 45.07(2). The subpoena in the present case was issued and purportedly served on November 14, 2023, and it listed November 28, 2023 as the date for production of the documents requested, which was less than twenty-one days later. Thus, Employer's position is that the court erred in compelling its vocational expert to respond to a subpoena *duces tecum prior to* the 21-day deadline for serving objections to such a subpoena as allowed in Rule 45.07.[4]

---

[4] The trial court's order addressing Employer's motion to quash the subpoena noted the November 28 deadline as stated on the face of the subpoena, but the court gave Employer's expert the full 21 days, or until December 5, to produce the requested documents or assert "[a]ny claims of privilege or protection."

To address this issue, we must also consider Tennessee Rule of Civil Procedure 26.02, which defines the scope of pre-trial discovery. In its motion to quash the subpoena, Employer cited Rule 26.02(3) in support of its argument that opposing counsel cannot seek the work product of Employer's counsel "prepared in anticipation of litigation" absent a showing of "undue hardship" in obtaining "the substantial equivalent of the materials by other means." During oral argument, Employer also cited Rule 26.02(4), which appears to limit the methods by which a party can discover "facts known and opinions held by experts" who are expected to testify at trial to interrogatories and depositions, with no mention of subpoenas. However, the record on appeal does not include a transcript of the November 29, 2023 hearing, and it is unclear whether Employer presented this particular argument concerning the limitations on expert discovery as stated in Rule 26.02(4) to the trial court. Although the court's order addressing Employer's motion to quash discusses other provisions in Rule 26.02, it does not specifically mention Rule 26.02(4).[5] Thus, based on our review of the record on appeal, it is unclear whether the trial court was given an opportunity to address the language in Rule 26.02(4) and whether this rule limits the methods by which a party may discover "facts known and opinions held by experts" to interrogatories and depositions only, thereby excluding subpoenas as a discovery method under these circumstances. As a result, we conclude it is necessary to vacate the trial court's order denying Employer's motion to quash the subpoena served on Employer's vocational expert and remand the case for the trial court to address whether a party may use a subpoena to obtain "facts known and opinions held by experts" in light of the language of Tennessee Rule of Civil Procedure 26.02(4).

**Conclusion**

For the foregoing reasons, we affirm the trial court's order to the extent the court reasonably exercised its discretion in declining to rule on Employer's motion for partial summary judgment at a particular point in the litigation. Further, we vacate the trial court's order to the extent it suggests a court is prohibited from considering an employer's motion for partial summary judgment at a preliminary stage of the case. Finally, we vacate the trial court's order declining to quash the subpoena *duces tecum* served on Employer's vocational expert, and we remand the case for the court to address the language in Rule 26.02(4) as it pertains to the discovery of "facts known and opinions held by expert" by use of a subpoena. Costs on appeal are taxed to Employer.

---

[5] The trial court's order reflects that Employer did not object to providing certain of the materials described in the subpoena but objected to the demand that its vocational expert drive to Knoxville on a date and time certain to deliver such records as described in the subpoena.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John F. Oldham | ) | Docket No. 2022-03-0420 |
| | ) | |
| v. | ) | State File No. 66575-2020 |
| | ) | |
| Freeman Webb Company Realtors | ) | |
| d/b/a Sunnybrook, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard February 7, 2024 |
| Compensation Claims | ) | at Knoxville |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| A. Allen Grant<br>Ben Norris | | | | X | agrant@eraclides.com<br>bnorris@eraclides.com |
| Andrew Roberto | | | | X | aroberto@brownandroberto.com<br>bseay@brownandroberto.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov