

FILED
Jul 30, 2025
01:51 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Joseph Farmer | ) | Docket No. 2024-60-7231 |
| | ) | |
| v. | ) | State File No. 14720-2024 |
| | ) | |
| Five Star Building Group, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

In this appeal, the employer asserts the trial court's refusal to hear its dispositive motion until after an expedited hearing had taken place was an abuse of discretion and a violation of its right to procedural due process. The regulations governing dispositive motions specify that such motions must include the date of the hearing in the body of the motion and will not be heard until a scheduling order has been entered. The trial court issued a "Scheduling Order/Order Setting Expedited Hearing," which stated that the employer "may file a dispositive motion, but it will not be heard until after the expedited hearing." The employer has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Houston M. Gunn and Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellant, Five Star Building Group, LLC

Ashely B. McGee, Nashville, Tennessee, for the employee-appellee, Joseph Farmer

### Factual and Procedural Background

Joseph Farmer ("Employee") reported injuring his low back and left wrist on December 4, 2023, while working for Five Star Building Group, LLC ("Employer"). Employer initially accepted the compensability of the claim and provided a panel of physicians in March 2024. Employer paid temporary disability benefits and authorized medical treatment with Dr. Jason Smith, Dr. Robert Todd, Dr. Peter Casey, and Dr. Brad

1

Wilson. Dr. Todd opined that Employee's back injury was primarily caused by his employment.

Employer filed a petition in October 2024, seeking an employer's examination with Dr. Tarek Elalayli. Employee declined to attend the appointment unless he could have a videographer present. Following a hearing, the trial court ordered Employee to attend the evaluation without the presence of a videographer, and the examination took place on January 15, 2025. After deposing Employee in February, Employer filed a notice of denial in March 2025, asserting Employee failed to provide timely notice of his alleged work-related injury.

On April 3, 2025, Employer filed a request for a scheduling hearing. At the hearing for that motion on May 12, the trial court requested that the parties provide a status update. Employer advised the court that Dr. Elalayli had performed the employer's examination and opined that Employee had reached maximum medical improvement with a 2% impairment rating. Employee notified the court that he still wanted the medical treatment recommended by the authorized treating physician and that, because Employer had denied the claim, he intended to file a request for an expedited hearing with the court within the next few days. When asked by the court, counsel for Employer indicated he did not believe additional depositions would be required. Employer's counsel requested that the court issue a scheduling order as required by Bureau regulations so Employer could file a motion for summary judgment. On May 14, 2025, the trial court issued an order entitled "Scheduling Order/Order Setting Expedited Hearing," which stated that "Five Star may file a dispositive motion, but it will not be heard until after the expedited hearing." The expedited hearing was scheduled for July 16.

On May 21, one week later, counsel for Employer emailed court staff to request available dates to schedule a hearing on a motion for summary judgment because a hearing date must be included in a dispositive motion when it is filed. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(c) (2023). In the email, counsel identified multiple weeks during which he would like to schedule the hearing, with all but one week and two separate days occurring *before* the expedited hearing set for July 16. Employer was advised that the court would not schedule a summary judgment hearing until after the expedited hearing order had been entered. Employer then appealed the May 14 order, asserting the trial court abused its discretion by refusing to hear its dispositive motion until after an expedited hearing had occurred. Employer also contends that the trial court's "mandate on dispositive motions" violates its right to procedural due process under the Fourteenth Amendment to the United States Constitution.[1]

---

[1] On June 17, 2025, the employer-appellant filed a motion for oral argument. The motion is denied. *See* Tenn. Comp. R. & Regs. 0800-02-22-.08(1) (2023).

**Standard of Review**

A trial court's decisions affecting the timing and pace of litigation are discretionary and will be reviewed under an abuse-of-discretion standard. *Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed *de novo*." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). We are required to "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted). The abuse of discretion standard does not permit us to merely substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

Moreover, this Board does not have the authority to consider facial challenges to the constitutionality of any statute or regulation. *Worrell v. Obion Cnty. Sch. Dist.*, 694 S.W.3d 158, 164 (Tenn. Workers' Comp. Panel 2024); *Wigdor v. Elec. Rsch.*, No. W2023-01733-SC-R3-WC, 2024 Tenn. LEXIS 504, at *4 (Tenn. Workers' Comp. Panel Dec. 12, 2024). However, in cases in which a party challenges the constitutionality of the application of a statute or regulation in a given case, also known as an "as-applied challenge," Tennessee courts have acknowledged an administrative tribunal's authority to address the issue. *Richardson v. Bd. of Dentistry*, 913 S.W.2d 446, 454 (Tenn. 1995).

**Analysis**

On appeal, Employer asserts the trial court abused its discretion by declining to hear its dispositive motion until after an expedited hearing. Specifically, Employer argues that the trial court abused its discretion in "arbitrarily mandating any dispositive motion be heard after an expedited hearing because (1) it is beyond the statutory/regulatory requirements for dispositive motions; and (2) it is in conflict with the founding principles of efficiency under the workers' compensation act." Employer also contends that the court's refusal to hear its dispositive motion until after an expedited hearing violated its right to procedural due process.

3

*Dispositive Motions*

With respect to a trial court's discretion over when to hear pre-trial dispositive motions, we previously observed that:

> [T]he text of Rule 56 does not specify a time within which a trial court must conduct a hearing on a previously filed motion for summary judgment . . . . It gives a trial court significant discretion to determine the appropriate time in the course of litigation to conduct a hearing on a party's motion for summary judgment.

*Hollis v. Komyo America*, No. 2016-03-0298, 2017 TN Wrk. Comp. App. Bd. LEXIS 25, at *7 (Tenn. Workers' Comp. App. Bd. Mar. 7, 2017). We also explained that "in setting hearings on pending motions, a trial court must balance the interests of both parties, give each side a reasonable and meaningful opportunity to prepare for the motion hearing, and set the hearing as expeditiously as it deems appropriate under the circumstances of the case." *Id.* at *10.

In *Oldham v. Freeman Webb Company Realtors d/b/a Sunnybrook*, No. 2022-03-0420, 2024 TN Wrk. Comp. App. Bd. LEXIS 8 (Tenn. Workers' Comp. App. Bd. Mar. 6, 2024), we addressed whether a trial court *must* entertain such motions at an interlocutory stage of the case if requested to do so by a party. In that appeal, we concluded that a trial court's decision regarding whether to resolve any particular issues at an interlocutory stage of the case is within its sound discretion and noted that we would disturb such determinations only upon a showing that the trial court had abused its discretion. *Id.* at *14 (citing *Ellison v. Alley*, 902 S.W.2d 415 (Tenn. Ct. App. 1995) ("A trial court will not be placed in error for failing or refusing to rule on a motion unless the record clearly reflects that it was asked to do so and thereafter, without just cause, refused to act.")).

Here, Employer argues that the trial court's order is an abuse of discretion because "it is not a mere discretionary exercise of the docket but a promulgation of an additional procedural requirement, directly on [Employer], in conflict with the current regulations and outside of the trial court's authority." Further, it contends that "the enforcement of the trial court's order bars [Employer's] ability to even *file* a dispositive motion" prior to the expedited hearing, even though its May 14 order states that Employer "may file a dispositive motion, but it will not be heard until after the expedited hearing." Employer also argues that policy considerations, such as judicial efficiency, are not served by the court's refusal to hear the dispositive motion before conducting an expedited hearing.

We respectfully disagree. First, we find nothing in this record suggesting that Employer was prohibited from *filing* a dispositive motion. Tenn. Comp. R. and Regs. 0800-02-21-.18(1) specifies that a dispositive motion may be filed "in accordance with the Tennessee Rules of Civil Procedure." Moreover, Employer could have filed its motion and

4

complied with the applicable regulation requiring that the hearing date appear conspicuously on the face of the motion by requesting additional hearing dates *after* July 16, the date the court had set for the expedited hearing.

Second, as noted above, a trial court has broad discretion to manage its own docket. *Valladares v. Transco Prods., Inc.*, Nos. 2015-01-0117, -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Based on the facts before us, we cannot conclude the trial court abused its discretion in declining to hear Employer's dispositive motion before the expedited hearing. We find no applicable rule or regulation mandating that a court set a hearing on a dispositive motion at any particular point in the course of litigation, and we decline to impose such an obligation on trial courts. *See Oldham*, 2024 TN Wrk. Comp. App. Bd. LEXIS 8; *Hollis*, 2017 TN Wrk. Comp. App. Bd. LEXIS 25. Employer has not identified how the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to [Employer]." *Konvalinka v. Chattanooga-Hamilton Cnty Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). Rather, the trial court has elected to structure its docket in a particular way, which it has considerable discretion to do. As we have noted previously:

> [T]rial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases. While we are mindful of the general assembly's emphasis on efficiency and timeliness in the 2013 Workers' Compensation Reform Act, we conclude that allowing a trial court to exercise discretion in controlling the pace of litigation and in efficiently disposing of its cases does not run afoul of these objectives.

*Smith*, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (citing *Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411 (Tenn. Workers' Comp. App. Panel June 20, 2012) (internal quotation marks omitted). We find no abuse of discretion here.

*Procedural Due Process*

Employer next asserts that the trial court violated its procedural due process by declining to hear dispositive motions until after an expedited hearing.[2] Specifically, Employer argues that the trial court's order denied it the opportunity to be heard at a meaningful time and in a meaningful manner, resulting in a private property interest being affected by an "official action." Employer contends that by "denying [it] the opportunity

---

[2] As noted above, we have no authority to consider a facial challenge to the constitutionality of a statute or regulation. *Worrell*, 694 S.W.3d at 164. For purposes of this discussion, therefore, we address *only* whether the pertinent regulation was applied in a manner that implicates or infringes on the appellant's procedural due process rights.

to have its motion for summary judgment heard, [it] faces an appreciable risk of erroneous deprivation of its property because[,] at an expedited hearing, [Employee] need not prove every element of his claim" by a preponderance of the evidence. Finally, Employer argues that the government does not have a "direct interest in mandating an expedited hearing to be held prior to hearing any dispositive motions because this workers' compensation claim is a proceeding between two private parties, not a private party and the government."

The Due Process Clause of the Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Our state constitution mirrors the Due Process Clause with what is known as the "Law of the Land" provision, stating "no man shall be . . . deprived of his life, liberty, or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8; *see also Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 407 (Tenn. 2013). In contrast to substantive due process, which "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them,'" *see, e.g.*, *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)), procedural due process concerns the "minimal requirements of notice and a hearing," *Procedural Due Process*, Black's Law Dictionary (10th ed. 2014). As the Tennessee Supreme Court has explained, the federal and state constitutions contain clauses that are "intended to secure the individual from the arbitrary exercise of the powers of government." *Keller v. Casteel,* 602 S.W.3d 351, 357 (Tenn. 2020) (quoting *Tenn. Dept. of Corr. v. Pressley*, 528 S.W.3d 506, 513-14 (Tenn. 2017)).

Here, Employer asserts that the trial court's refusal to conduct a hearing on its motion for summary judgment prior to an expedited hearing constitutes an as-applied procedural due process violation. It argues that its inability to test the merits of Employee's claim prior to an expedited hearing may result in the deprivation of its property because Employee's burden of proof is lower at an expedited hearing than a summary judgment hearing. However, in making its argument, Employer fails to acknowledge that the converse is true as well, as an injured worker could be forced to a hearing on the merits of the claim before having an opportunity to assert entitlement to certain benefits at an expedited hearing as contemplated by statute. Moreover, Employer has not demonstrated that it would be somehow prohibited from offering the same evidence and making the same arguments in defense of Employee's claims at an expedited hearing as it would make at a dispositive motion hearing. The law vests considerable discretion with the trial court to control its docket to ensure that both employers and employees are able to have their claims and defenses fairly heard.

In short, Employer has not been denied a hearing on its motion for summary judgment. The trial court's order specifically contemplates that such a motion hearing will

occur after an expedited hearing, which it scheduled.[3]  It has provided no support for its assertion that the trial court committed an as-applied procedural due process violation and has pointed to nothing more than a theoretical harm it may suffer in the future.[4]  Thus, we conclude Employer "has offered no evidence or argument that the trial court's process in conducting hearings, selecting trial dates, and/or controlling the pace of litigation is arbitrary or otherwise runs afoul of those constitutional protections." *Cutsinger v. AT & T Mobility Services, LLC*, Nos. 2021-06-0007, 2022-06-1079, 2024 TN Wrk. Comp. App. Bd. LEXIS 29, at *8 (Tenn. Workers' Comp. App. Bd. July 22, 2024).  Thus, we find this argument without merit.

**Conclusion**

For the foregoing reasons, we affirm the court's decision under the particular circumstances of this case and remand the case.  Costs on appeal are taxed to Employer.

---

[3] In its brief on appeal, Employer notes that although most of the dates it suggested for a motion hearing were *before* the scheduled expedited hearing, it also included a few proposed dates *after* the date of the expedited hearing, consistent with the trial court's order.  Employer asserts it was advised by court staff that a date for its dispositive motion would only be scheduled after the court had issued its expedited hearing order and the appeal deadline for that order had expired.  The email on which Employer relies for this argument is not evidence in the case, was not considered by the trial court, and is unauthenticated.  Moreover, it does not constitute an order of the court.  Although we agree that the email communication from court staff regarding the scheduling of a dispositive motion hearing, if authentic, appears inconsistent with the language in the trial court's order, the record does not reflect that Employer sought relief or further clarification from the court regarding the terms of its earlier order.  It is a well-established principle that a court "speaks through its orders." *See, e.g.*, *Andric v. Costco Wholesale Mbrshp., Inc.*, No. W2017-01661-SC-R3-WC, 2018 Tenn. LEXIS 395, at *9 n.2 (Tenn. Workers' Comp. Panel Aug. 2, 2018) (quoting *Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. Nov. 1, 2011)).  Here, the court's order did not deny Employer the opportunity to file a dispositive motion or set it for hearing, but it directed the timing of when that hearing would occur in the course of this particular litigation.  We conclude Employer has not shown that its apparent inability to schedule a dispositive motion hearing in a time frame it demanded constituted an abuse of discretion.

[4] On this point, Employer's argument presumes that Employee will be successful at an expedited hearing in securing an order for some or all of the relief he seeks, which is speculative.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Joseph Farmer | ) Docket No. 2024-60-7231 |
| | ) |
| v. | ) State File No. 14720-2024 |
| | ) |
| Five Star Building Group, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of July, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Houston M. Gunn<br>Gregory H. Fuller | | | | X | hmgunn@mijs.com<br>ghfuller@mijs.com<br>emloh@mijs.com |
| Ashley B. McGee | | | | X | ashleymcgee@rockylawfirm.com<br>paige@rockylawfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

<u>Olivia Yearwood</u>
Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov